UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER YOUSIF,

       Plaintiff,

                              Case No. 2:15-cv-11027
v.                             Judge Gerald E. Rosen
                              Magistrate Judge Anthony P. Patti


L.J. ROSS ASSOCIATES, INC.,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

I.     **RECOMMENDATION:** The Court should enter an order (1) dismissing

Plaintiff's complaint (DE 1) with prejudice and (2) awarding defense counsel

attorney fees in the amount of $500.00.

II.     **REPORT:**

     A.     **Plaintiff's State Court Case Was Removed to This Court on**
            **The Basis of Federal Question Jurisdiction.**

On or about February 6, 2015, Plaintiff Christopher Yousif filed the instant

lawsuit *pro se* against Defendant LJ Ross in 52-4 District Court in Troy, Michigan.

Plaintiff cites the Fair and Accurate Credit Transactions Act of 2003 (FACTA) and

the Fair Credit Reporting Act (FCRA).  As best as the Court can discern, Plaintiff

alleges:

> The reasons for the claim are [d]ue to violation of the FACTA and FCRA of an [account] . . . on my credit report.  Beaumont confirmed many times account is in error and they have no evidence to support $ is mine.

In addition, Plaintiff alleges the incident occurred in the City of Troy, Michigan.  *See* DE 1 at 4; *see also* DE 2 (Corrected Notice of Removal).

On March 18, 2015, Defendant L.J. Ross Associates, Inc., via counsel, removed the case to this Court pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  DE 1 ¶¶ 3 & 9, DE 2 ¶¶ 3 & 9.[1]

## B.     The Court Has Attempted To Conduct a Scheduling Conference.

Chief Judge Rosen referred this case to me for pretrial matters.  DE 6.  On April 8, 2015, a scheduling conference was noticed for April 22, 2015.  DE 7.  However, on April 20, 2015, the hearing was cancelled at defense counsel's request due to a family emergency.  When my Case Manager spoke with Plaintiff by phone on April 20, 2015, Plaintiff indicated that he was planning to drop his case and may be filing something to that effect.

On April 30, 2015, it having been more than one week since the Court's conversation with Plaintiff, and there having been no such filing, the scheduling

---

[1] On March 25, 2015, Defendant filed an answer and affirmative defenses.  DE 5.  Among other things, Defendant's answer sought an award of "all reasonable fees and costs incurred defending against this action[.]"  DE at 2.

conference was renoticed for Thursday, May 21, 2015 at 10 a.m. at the United

States District Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette

Boulevard, Room 624, Detroit, Michigan 48226.  DE 8.  In other words, the parties

were to appear in person.  This notice gave the following, specific direction:

> In advance of the parties' appearance for the conference, the parties
> are required to refer to the [U]ndersigned's practice guidelines for
> scheduling conferences, which are available at
> www.mied.uscourts.gov.

> Alternatively, if it is Plaintiff's intention to dismiss this case, the
> parties may submit a stipulation and order of dismissal no later than 9
> a.m. on Thursday, May 21, 2015 and should additionally contact the
> Undersigned Magistrate Judge's chambers at 313-234-5200 to make
> sure that the Court is aware that a dismissal has been filed. If, and
> only if, the Court receives a stipulation and order of dismissal, will the
> May 21, 2015 scheduling conference be cancelled and an order of
> dismissal be entered.

DE 8 at 2-3.

### C.      Plaintiff's Failure to Appear:  The Complaint Should Be Dismissed with Prejudice.

It is clear to the undersigned that Plaintiff does not intend to prosecute his

case in this Court.  My Case Manager's April 20, 2015 conversation with Plaintiff

indicated as much.  This position was validated on May 21, 2015 when:  (a) no

stipulation and order was presented as offered in the Court's April 30, 2015 notice

(DE 8); (b) Plaintiff did not appear in person as set forth in the Court's April 30,

2015 notice and indicated to my staff that he was reluctant to come to court in

person because he had a "tight schedule" that morning; (c) Plaintiff only appeared

by telephone after being contacted by a member of my staff; (d) Plaintiff admitted

on the record (telephonically) to having received the Court's April 30, 2015 notice;

and (e) Plaintiff admitted on the record that he did not intend to move forward with

this case.

As indicated by some of these actions, Plaintiff is wasting the Court's time.

The Court's attempts to manage this case have been frustrated by Plaintiff's failure

to follow through on his April 20, 2015 proposal and failure to abide by the

Court's April 30, 2015 notice.  Moreover, on May 21, 2015, the Court set forth, on

the record, a proposal for the parties to submit a stipulation and order within one

(1) week to avoid entry of this report and recommendation by the Undersigned,

with fair warning that I would recommend dismissal and $500 in costs.  To date,

no proposed document resolving this case has been submitted.

### D.   Defendant should be awarded attorney fees for attendance at the May 21, 2015 scheduling conference.

There is no question that Defendant, via counsel, has invested resources in

defending this case.  For example, Defendant has filed a notice of removal, a

corrected notice of removal, a notice of appearance, a corporate disclosure

statement and an answer.  DEs 1-5.  Since then, Plaintiff wasted defense counsel's

time and, by extension, inflated Defendant's expenses, by ignoring the Court's

April 30, 2015 notice.  In particular, defense counsel, Charity A. Olson, whose

office is in Ann Arbor, Michigan, needlessly traveled to Detroit on May 21, 2015.

During the conference, counsel estimated her time invested in appearing for the conference at 2 hours and represented that her hourly billing rate was $250. I believe that this is an extremely conservative estimate of her time, and my familiarity with the going rate for attorney fees in Ann Arbor leads me to further believe that her hourly rate is at or below market and entirely reasonable.

Whatever confusion Plaintiff has about the removal of this case to federal court, or his need to appear in Detroit when he filed the state court case in Troy, does not excuse his failure to obey this Court's direction. Plaintiff could have avoided wasting defense counsel's efforts on May 21, 2015 by adhering to either provision of the Court's April 30, 2015 notice. Thus, the Court should require Plaintiff to reimburse Defendant for $500 in attorney fees.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: May 29, 2015          s/ Anthony P. Patti
                             Anthony P. Patti
                             UNITED STATES MAGISTRATE JUDGE